THE PEOPLE *v.* GARCIA.

APPEAL from the District Court of Arecibo.

No. 86.—Decided November 28, 1905.

CRIMINAL LAW—COUNTERFEITING—ESSENTIAL ELEMENT—CIRCULATION OF COUNTERFEIT MONEY.—Knowledge of the counterfeit is an essential element of the crime of counterfeiting and must be alleged in the information.

ID.—INFORMATION.—An allegation in an information charging an intention to defraud in the following words: "which he maliciously and criminally put into circulation and thus defrauded Julio Castaign," is sufficient to show criminal intent, but insufficient to charge the accused with knowledge that such money was counterfeit.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Ramon Donato Garcia was convicted in the District Court of Arecibo of the crime of counterfeiting, consisting, it was alleged in the information, of having fraudulently passed to Julio Castaing, a counterfeit piece of money. The accused was tried and sentenced to imprisonment in the penitentiary, at hard labor, for the period of three years, and to the payment of costs.

The case was heard in this court on the 22d day of November, without the defendant being represented by counsel. The information in this case is as follows:

"In the name and by the authority of The People of Porto Rico. United States of America; the President of the United States, *ss:* The People of Porto Rico against Ramon Donato Garcia. Office of the *fiscal.* No. 82. In the District Court of Arecibo on the 8th of June, 1905. The *fiscal* makes accusation against Ramon Donato Garcia, for the crime of counterfeiting (felony), committed as follows: In Utuado, of the judicial district of Arecibo, on or about the 14th day of last May, the accused Ramon Donato Garcia had in his possession a piece of money which was in imitation of a silver quarter (*peseta*) coined by the United States of North America, which are in circulation in this Island, and which he maliciously and criminally put in circulation and thus defrauded Julio Castaing. This act is contrary to the law for such case provided, and against the peace and dignity of The People of Porto Rico.—Pedro de Aldrey, *fiscal.*

"The foregoing accusation is based on the testimony of witnesses examined under oath by the examining judge, and I solemnly believe that there is just cause for presenting the same to the court.—Pedro de Aldrey, *fiscal.*

"Sworn to and signed before me this 8th day of June, 1905.—E. Fernandez Vanga, secretary of the district court."

The indictment was apparently made by virtue of section 420 of the Penal Code, which provides:

"Every person who counterfeits any of the species of gold or silver coin current in Porto Rico, or any kind or species of gold dust, gold or silver bullion, or bars, lumps, pieces, or nuggets, or who sells, passes, or gives in payment such counterfeit coin, dust, bullion, bars, lumps, pieces, nuggets; or promises, causes, or procures the same to be sold, uttered, or passed, with intention to defraud any person, knowing the same to be counterfeit, is guilty of counterfeiting."

Thus it will be seen that a necessary part of the crime is an "intention to defraud any person, knowing the same to be counterfeited." It is very doubtful whether an intent to defraud has been sufficiently alleged by information, by using the words "which he maliciously and criminally put into circulation, and thus defrauded Julio Castaing." Conceding that the words "maliciously and criminally" might satisfy the requirement of the statute with respect to a criminal intent, yet

these words do not dispense with the necessity of charging that the defendant knew the coin was counterfeit. The words "maliciously and criminally" are far too general to do away with the necessity of charging the defendant with such knowledge. A case in point is the *United States* v. *Carll,* reported in 105 U. S., at page 611.

In that case there was an indictment found in the circuit court on section 5431 of the Revised Statutes, by which it is enacted that "Every person who, with intent to defraud, passes, utters, publishes, or sells, any falsely made, forged, counterfeited, or altered obligation, or other security of the United States, shall be punished by a fine of not more than $5,000, and by imprisonment at hard labor not more than fifteen years."

Each count of the indictment alleged that the defendant, at a certain time and place, "feloniously, and with intent to defraud the Bank of the Metropolis, said bank being a corporation organized under the laws of the State of New York, did pass, utter, and publish, upon and to the said Bank of the Metropolis, a falsely made, forged, counterfeited, and altered obligation and security of the United States" (which was set forth according to its tenor) "against the peace and contrary to the form of the statute."

It will be seen that the indictment follows the language of the statute. Nevertheless, Mr. Justice Gray, in delivering the opinion of the court, *held:* "That a knowledge that the instrument was forged and counterfeited" was necessary to make out the crime. It will also be seen that the indictment in that case used the words "feloniously" and "with intent to defraud" and "falsely." (To the same effect is the American and English Encyclopedia of Law, vol. 4, p. 340.)

In the case at bar our own statute makes a knowledge of the counterfeit an essential element of the crime. The information in this case must therefore be held to be bad, and

as the sentence of the court below was founded on a fatally defective information, the same must be reversed.

*Reversed.*

Chief Justice Quinones and Justice Hernandez, Figueras and MacLeary concurred.